FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

**UNITED STATES DISTRICT COURT**

2006 SEP 18  PM 4: 33

**SOUTHERN DISTRICT OF GEORGIA**

CLERK_____
**STATESBORO DIVISION**   SO. DIST. OF GA.

|                           |     |                                          |
|---------------------------|-----|------------------------------------------|
| CECIL TRIMBLE,            | )   |                                          |
|                           | )   |                                          |
|     Movant,           | )   |                                          |
|                           | )   |                                          |
| v.                        | )   | Case No.  CV605-130                      |
|                           | )   | [underlying CR604-015]                   |
| UNITED STATES OF AMERICA, | )   |                                          |
|                           | )   |                                          |
|     Respondent.       | )   |                                          |

## REPORT AND RECOMMENDATION

Movant has filed a motion to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255.  For the following reasons, the Court recommends that the motion be DENIED.

## I.  BACKGROUND

On May 14, 2004, a federal grand jury indicted movant on two drug-distribution counts, each charging distribution of approximately 60 grams of crack cocaine in violation of 21 U.S.C. § 841(a).  CR 604-015, doc. 1. Movant pleaded guilty to the offense charged in count one on September 23, 2004.  Id. at doc. 29.  Following  movant's guilty plea, the probation officer

prepared a Presentence Investigative Report ("PSI") which determined that movant's base level offense was level 32. PSI ¶ 15. Although a reduction in sentence originally was available to movant because he accepted responsibility by pleading guilty, the probation officer determined that based on movant's positive test for marijuana usage while on pretrial release, he had failed to demonstrate acceptance of responsibility and therefore was not entitled to a reduction in his offense level. PSI ¶¶ 13, 21. The resulting total offense level was 32. PSI ¶¶ 22, 24.

The probation officer determined that because of his prior convictions and because he committed the instant offense less than two years following his release from custody, movant would receive six criminal history points, making his criminal history a category III. PSI ¶¶ 27-33. The applicable Sentencing Guideline range for a total offense level of 32 and a criminal history category III was 151 to 188 months' imprisonment. PSI ¶ 52. Movant did not object to the PSI before or at sentencing. On December 2, 2004, the Court sentenced movant to 176 months' imprisonment, five years' supervised release, and $100 special assessment. Sent. Tr. at 7-8. The Court entered its judgment on December 6, 2004. CR604-015, doc. 30.

Movant did not pursue a direct appeal.

Movant is currently incarcerated at the Federal Correctional Institution in Estill, South Carolina. He signed the instant § 2255 motion on November 7, 2005, within the applicable one-year statute of limitations, alleging that his court-appointed counsel was ineffective for failing to object to the PSI and failing to recommend a reduction in sentence pursuant to U.S.S.G. § 3E1.1.

## II.   ANALYSIS

### A.   Procedural Default

Absent a showing of cause and prejudice, previously available claims not timely raised are procedurally defaulted. United States v. Frady, 456 U.S. 152, 167 (1982); Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995); Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989). Movant did not pursue a direct appeal on any of the claims he raises in the instant motion; therefore, he must show cause and prejudice or actual innocence to surmount his procedural default of those

claims. <u>Lynn v. United States</u>, 365 F.3d 1225, 1234 (11th Cir. 2004); <u>Mills</u>, 36 F.3d at 1055.

One way that a movant may establish cause and prejudice is by showing that his counsel was ineffective in not raising the asserted claim of error. <u>Reece v. United States</u>, 119 F.3d 1462, 1468 (11th Cir. 1997). To establish ineffective assistance of counsel, movant must satisfy the two-part test established by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." <u>Id</u>. Second, a defendant must demonstrate that the defective performance prejudiced the defense so as to deprive the defendant of a fair trial. <u>Id</u>.

Under the first prong, deficient performance is "that which is objectively unreasonable and falls below a wide range of competence demanded of attorneys in criminal cases." <u>Cross v. United States</u>, 893 F.2d 1287, 1290 (11th Cir. 1990). The reasonableness of the attorney's performance is to be evaluated from counsel's perspective at the time of the

alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The movant must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (citation omitted).

Under the prejudice prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

In his motion, movant alleges that counsel should have objected to the PSI and recommended a sentence reduction because movant's "conduct before, during, and after the plea hearing met the criteria for his sentence to be reduced pursuant to U.S.S.G. § 3E1.1." Doc. 1. The probation officer did not recommend a downward adjustment for acceptance of responsibility because of movant's drug use during his pretrial release. PSI¶13, 21. The Court agreed with the probation officer's recommendation and denied

movant the § 3E1.1 reduction.

One of the considerations in determining whether a defendant qualified for a reduction under U.S.S.G. § 3E1.1 is whether the defendant has made a "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1, cmt. n.1(b). The Eleventh Circuit has previously held that district courts may properly rely on a defendant's continued drug use while on release to deny a reduction for acceptance of responsibility. See United States v. Hromada, 49 F.3d 685, 691 (11th Cir. 1995); United States v. Pace, 17 F.3d 341, 343 (11th Cir. 1994) (district court properly denied U.S.S.G. § 3E1.1 reduction to defendant who used marijuana while on release awaiting sentence).

Even if movant can overcome the heavy burden of demonstrating that counsel was so deficient as to fall below the wide range of competence demanded by the Sixth Amendment, movant has failed to establish the prejudice prong of Strickland. In his reply to the governments response, movant alleges that if counsel had objected "the court *may* have reduced the [movant's] sentence." Doc. 4 (emphasis added). Movant has failed to establish that a reasonable probability exists that the resulting sentence

would have been different had his attorney objected to the PSI or recommended a reduction in his sentence.   According to the sentencing transcript, the Court's sentence was influenced by the fact that movant's criminal record is "replete with continuing illegal drug activity." Sent. Tr. at 8.  Even if counsel had objected to the PSI and recommended a sentence reduction, this reduction would be based on movant's acceptance of responsibility, and the probation officer determined that his positive test for marijuana while on pretrial release indicated no   acceptance of responsibility.  Movant has failed to show how counsel's objection to the PSI or recommendation of a reduction in the sentence has prejudiced him, since the case law in the Eleventh Circuit clearly permitted the denial of a § 3E1.1 adjustment.  Therefore, movant has not shown cause or prejudice to excuse his procedural default, and his § 2255 motion should be DENIED.


**B.    Sentencing Guidelines Issues not Cognizable on 2255 Review**

Guidelines errors are not cognizable on collateral attack. <u>Martin v. United States</u>, 81 F.3d 1083, 1084 (11th Cir. 1996) ("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing

Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255."); see also Montemoino v. United States, 68 F.3d 416 (11th Cir. 1995) (citing Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990)).

Prior to sentencing, movant was given an opportunity to review his PSI, which noted no adjustment for acceptance of responsibility. Movant did not object to the factual accuracy of the PSI or the PSI's guidelines applications. His failure to object prevents him from raising a challenge to the PSI in a § 2255 motion. United States v. Peloso, 824 F.2d 912, 915 (11th Cir. 1987) (citing Simmons v. United States, 777 F.2d 660 (11th Cir. 1985)). The Court sentenced movant within the unobjected to guideline range, and no adjustment for acceptance of responsibility was applied. Therefore, to the extent that movant challenges the application of the guidelines, he is entitled to no habeas relief.

## III.  CONCLUSION

Based upon the foregoing reasons, the Court finds that movant fails to present grounds upon which § 2255 relief may be granted. Accordingly,

the Court recommends that the motion be DENIED.[1]

**SO REPORTED AND RECOMMENDED** this _18th_ day of

**September, 2006.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]Movant asks the Court to vacate his sentence pursuant to United States v. Booker, 543 U.S. 220 (2005). Here, movant did not file a direct appeal. Accordingly, the judgment of conviction became final on December 20, 2004, ten days after it was entered. See Fed. R. App. P. 4(b)(1)(A)(i); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).   Thus, movant's conviction became final prior to the Supreme Court's decision in Booker (January 12, 2005), and the Eleventh Circuit has stated that Booker does not apply retroactively to cases on collateral review.  See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).